**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0551, <u>Clay King v. Brandon Brooks, DBA New England Dieselz</u>, the court on December 24, 2024, issued the following order:**

The defendant's requests to reject the plaintiff's brief and/or memorandum, and for an award of attorney's fees, are denied. The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Brandon Brooks, DBA New England Dieselz, appeals an order of the Circuit Court (<u>McIntyre</u>, J.) entering judgment for the plaintiff, Clay King, in a small claims action brought to recover the purchase price, plus related costs, of a used vehicle the defendant sold to the plaintiff. We affirm.

The trial court found the following facts. The plaintiff purchased a van from the defendant. The trial court found that the plaintiff "intended to purchase a working vehicle that would pass inspection and be suitable as a travel van," that this fact was "known to the Defendant," and that the defendant had "assured him that the van was in good condition and suitable for his purpose."

The plaintiff test drove the van, signed the bill of sale, and took possession of the van. Thereafter, the plaintiff discovered that the van was leaking gas and transmission fluid, and that the van's frame was completely rusted through in two places. The plaintiff testified that the van could not pass inspection and reported that it was unsafe to drive. When the plaintiff contacted the defendant, the defendant claimed the problems were fixable, but at the plaintiff's expense.

The trial court conducted a hearing on the merits. The court credited the plaintiff's testimony, concluded that the plaintiff met his burden of proof, and ordered the defendant to refund the purchase price. The defendant filed a motion for reconsideration, which the trial court denied. This appeal followed.

When reviewing a trial court's decision rendered after a trial on the merits, we will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Gaucher v. Waterhouse</u>, 175 N.H. 291, 295 (2022). We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>. at 296.

The defendant argues that the trial court relied on hearsay evidence in reaching its findings. Although the technical rules of evidence do not apply in small claims proceedings, see RSA 503:7 (2010) (the court may admit any evidence that it "deems material and proper"), here the trial court sustained certain objections based on hearsay. The defendant contends that the trial court nevertheless relied upon the objected-to hearsay. After reviewing the hearing transcript, however, we conclude that the trial court did not rely on any evidence that it did not admit.

We assume that the trial court made all subsidiary findings necessary to support its decision, and review the record to see whether it supports any necessary assumed findings. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). Small claims actions are intended to be "simple, speedy, and informal." RSA 503:2 (2010). In entering judgment for the plaintiff, the trial court expressly found his testimony credible. We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence. Gaucher, 175 N.H. at 296.

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court order, the defendant's preserved challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error. See id.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2